**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4530

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEON MARQUESE GAITHER, a/k/a Sleepy,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:14-cr-00034-KDB-DSC-1)

Submitted:  August 25, 2022                                    Decided:  September 8, 2022

Before MOTZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jennifer Coulter, COULTER LAW OFFICE, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release following his 64-month sentence for drug and firearm charges, Keon Marquese Gaither was alleged to have violated his terms of supervision by, among other things, committing new criminal conduct by discharging a firearm and shooting Elijah Williams in the leg and foot, for which Gaither was charged in North Carolina state court with assault with a deadly weapon inflicting serious injury. The district court revoked Gaither's supervised release and sentenced him to 24-months' imprisonment, followed by an additional 12-month term of supervised release. On appeal, Gaither contends that the district court erred by considering a hearsay statement to find that he committed a Grade B supervised release violation and that the sentence imposed is unreasonable. We affirm.

This court reviews the admission of evidence during a supervised release revocation proceeding for abuse of discretion. *United States v. Doswell*, 670 F.3d 526, 529 (4th Cir. 2012). Testifying about the extent of his injuries, Williams described his pain level and the treatment he received. He also testified that he had difficulty walking and was out of work for two weeks following the incident. When asked why he did not return to work for two weeks after the shooting, Williams responded, "they said it wasn't healing right, the wounds." Gaither objected to this statement as inadmissible hearsay.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement, Fed. R. Evid. 801(c), and is admissible in a revocation proceeding only upon a showing of good cause for the unavailability of the declarant, Fed. R. Crim. P. 32.1(b)(2)(C). However, an out-of-court statement offered only to prove its effect

on the listener, rather than the truth of the matter asserted, is not hearsay. *United States v. Simmons*, 11 F.4th 239, 263-64 (4th Cir. 2021). Because the challenged statement was offered, not for the truth of the statement—*i.e.* that Williams' wounds were not healing properly—but rather for the effect it had on Williams—that he did not return to work for two weeks—we conclude that the statement did not constitute hearsay.

Additionally, we find that the admission of this statement was harmless. *See United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012) ("evidentiary rulings are subject to harmless error review"). Williams had already testified that he missed two weeks of work "because of the gunshot wounds." Thus, the fact that Williams was out of work for two weeks due to the gunshot wounds had already been admitted. Whether his absence from work was due to the severity of the wounds or due to the fact that the wounds did not heal properly was not material to the district court's finding that Gaither violated his supervised release by shooting Williams.

Gaither counters that the challenged evidence was not harmless because the district court relied upon the statement to determine that the violation resulted in serious injury and thus amounted to a Grade B violation rather than a Grade C violation.* The North Carolina Supreme Court "has not defined 'serious injury' for purposes of assault prosecutions, other than stating that '[t]he injury must be serious but it must fall short of causing death.'"

---

* The revocation petition described violation number 1 as "assault with a deadly weapon inflicting serious injury," which is a felony offense under N.C. Gen. Stat. § 14-32(b), and therefore a Grade B violation. Assault with a deadly weapon, N.C. Gen. Stat. §§ 14-33(c), 15A-1340.23, is a misdemeanor punishable by up to 150 days in prison, and would be a Grade C violation.

*State v. Ramseur*, 450 S.E.2d 467, 471 (N.C. 1994) (quoting *State v. Jones*, 128 S.E.2d 1, 3 (N.C. 1962). The North Carolina Court of Appeals has identified a number of factors to consider in determining whether a serious injury has been inflicted; these include: "(1) pain and suffering; (2) loss of blood; (3) hospitalization; and (4) time lost from work." *State v. Morgan*, 595 S.E.2d 804, 809 (N.C. Ct. App. 2004).

With these considerations in mind, we find that, even disregarding the challenged statement, the evidence was sufficient to support the district court's determination that Gaither's assault inflicted serious injury. Therefore, admission of the challenged statement by Williams' doctor did not affect the court's determination that Gaither committed a Grade B violation. Accordingly, we find that admission of this evidence was harmless. *See Cloud*, 680 F.3d at 401.

Gaither also challenges the reasonableness of the 24-month upward variance sentence imposed. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). Gaither's revocation sentence is within the statutory maximum. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique

4

nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656-57 (4th Cir. 2007).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We conclude that Gaither's sentence is procedurally and substantively reasonable. The district court considered the advisory policy statement range of 8 to 14 months, as well as the relevant statutory factors, and imposed a custodial sentence of 24 months. The court explained that an upward variance was warranted in light of Gaither's criminal history and his "very dangerous conduct." The court also stated that Gaither's violation conduct—shooting somebody—"is the most extreme conduct that would constitute . . . a Grade B violation, the Court has heard."

Gaither contends that the district court did not expressly address his argument for a lesser sentence based on the fact that he had contracted COVID-19 in jail and had sustained injuries in a motorcycle accident and therefore had been "punished significantly." Because

5

the district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," *Thompson*, 595 F.3d at 547, we conclude that the court's explanation for its implicit rejection of Gaither's argument and imposition of a 24-month sentence was sufficient to allow for meaningful appellate review. *See Slappy*, 872 F.3d at 207-08. Accordingly, we conclude that the revocation sentence was not unreasonable, much less plainly unreasonable. *Moulden*, 478 F.3d at 656-57.

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*